IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARVIUS LEE | : | |
|    Plaintiff | : | |
|    v. | : | Civil Action No. AMD-05-2892 |
| UNITED STATES MARSHAL SERVICE<br>      and<br>DRUG ENFORCEMENT ADMINISTRATION | :<br><br>: | |
|    Defendants | : | |

...o0o...

MEMORANDUM

Now pending is a Motion for the Return of Property under Fed. R. Crim P. 41(g) filed by plaintiff pro se Darvius Lee.[*] Also before the court is plaintiff's motion for leave to proceed in forma pauperis which will be granted by separate order.

Plaintiff alleges that on or about October 18, 2000, defendants, the United States Marshal Service and the Drug Enforcement Administration (DEA), seized his vehicle, a 1997 Chevy Tahoe, in violation of the Due Process Clause of the Fifth Amendment. Plaintiff avers that he was never provided notice of forfeiture. He states that he does not know whether return of his vehicle is being unreasonably delayed or whether forfeiture proceedings were held without notice to him. He asks this court to set aside any forfeiture.

Once the Government commences forfeiture proceedings, a district court is divested of jurisdiction to hear matters regarding the property. See Ibarra v. United States, 120 F.3d 472, 474-75 (4th Cir. 1997). A claimant must then pursue his administrative remedies; in this case, by

---

[*]A post-conviction motion for the return of property is essentially a civil proceeding for equitable relief. See United States of America v. Jones 215 F.3d 467, 469 (4th Cir. 2000).

applying to the DEA for relief.  Plaintiff does not indicate whether he has contacted the DEA in regard to his property.

The Civil Asset Forfeiture Reform Act of 2000, see 18 U.S.C. §983, establishes specific procedures to set aside a forfeiture for failure to provide notice consistent with due process.  To the extent plaintiff intends to dispute the forfeiture based on defective notice, he must show: (1) he has an interest in the property; (2) the DEA "failed to take reasonable steps to provide . . . notice;" and (3) he "did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. §983(e).

The court will grant plaintiff 30 days to supplement his complaint to provide additional information to demonstrate that he has an interest in the property, that he has contacted the DEA in regard to his vehicle, and any reasons why "he did not know or have reason to know of the seizure" in time to file a claim.  Id. A separate order consistent with this memorandum follows.

Filed: October 28, 2005                                    _/s/_____
                                                            Andre M. Davis
                                                            United States District Judge

2